# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Malachi Floyd, | CASE NO. CV 08-94-GHK |
|     Petitioner, | |
| v. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| Anthony Hedgpeth, | |
|     Respondent. | |

This matter[1] is before the Court on Petitioner Malachi Floyd's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). On January 14, 2008, Petitioner filed the Petition alleging that his right to due process, right to fair trial, and right to present a defense were violated when the trial court refused to instruct the jury on Petitioner's self-defense and imperfect self-defense theories. He also argues that his sentence of fifty-eight years to life violates federal and state constitutional guarantees against cruel and unusual punishment. On July 30, 2008, Respondent Anthony Hedgpeth ("Respondent"), Warden at Kern Valley State Prison, filed an Answer. On August 29, 2008, Petitioner

---

[1] Although Petitioner named G.J. Giurbino as the respondent in this case, the correct respondent is Anthony Hedgpeth, warden of Kern Valley State Prison. *See* Fed. R. Civ. P. 25(d).

PDF created with pdfFactory trial version www.pdffactory.com

filed a Traverse. We have now considered the papers filed in support of and opposition to this Petition, and deem this matter appropriate for resolution without oral argument. L.R. 78-230(h). The parties are familiar with the facts in this case. They will be repeated only as necessary. Accordingly, we rule as follows:

I. **Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we cannot grant this habeas petition unless we determine that the California Appellate Court's decision[2] "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

II. **Discussion**

Petitioner argues that the trial court erred in failing to give either self-defense or imperfect self-defense jury instructions, even though they were requested by defense counsel. It is well settled that in order for Petitioner to successfully challenge a jury instruction on habeas, Petitioner must prove that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). The instruction must be viewed in the context of the entire trial and the jury instructions taken as a whole. *Spivey v. Rocha*, 194 F.3d 971, 976 (9th Cir. 1999) (quoting *Houston v. Roe*, 177 F.3d 901, 908–09 (9th Cir. 1999)). Lastly, here, where the issue is whether there were erroneous omissions of instructions, Petitioner has an especially heavy burden because an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

---

[2] Under the "look-through" doctrine, "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991).

PDF created with pdfFactory trial version www.pdffactory.com

We reject Petitioner's arguments on both jury instructions at issue for the reasons set forth in the California Appellate Court opinion in this case. Regardless of whether Petitioner only intended to rob Mr. Cornellier, Petitioner was the initial aggressor in this case. Because Petitioner was an initial aggressor, Mr. Fong's response was legally justified and Petitioner was not entitled to either a self-defense or an imperfect self-defense instruction. *See People v. Seaton*, 26 Cal. 4th 598, 664-665 (2001). Furthermore, even if Petitioner were entitled to either instruction, which we do not believe to be the case, Petitioner has in no way met his heavy burden of showing that the omission of either instruction infected Petitioner's entire trial such that his resulting conviction violated due process.

Petitioner's reliance on *People v. Quach*, 116 Cal. App. 4th 294 (2004), is unavailing. Quach was convicted, in part, of attempted murder after a shootout that occurred outside of a bar. *Id.* at 297. The shootout was between two different gangs and eyewitness accounts as to Quach's complicity in the shooting were inconclusive. *Id.* at 297–98. The various versions of the events differed as to whether a rival gang member had pulled out a gun first and whether Quach only pulled out his own gun after the rival gang member had fired a shot. *Id.* Counsel for defendant was forced to argue that a mutual combatant could exercise self-defense only if he first withdrew from the fight and informed his opponent of this fact. *Id.* at 303. The California Court of Appeal held that this was in error and that Quach was entitled to two separate instructions: (1) "Where the original aggressor is not guilty of a deadly attack, but of a simple assault or trespass, the victim has no right to use deadly or other excessive force . . . . If the victim uses such force, the aggressor's right of self-defense arises . . . ," and (2) "[W]here the counter assault is so sudden and perilous that no opportunity be given to decline further to fight and he cannot retreat with safety he is justified in slaying in self-defense." *Id.* at 302–303. Here, Petitioner claims that because Mr. Fong's actions were sudden and perilous, he was justified in defending himself by firing his gun three times at Mr. Fong. Petitioner is wrong. *People v. Quach* relies on *People v. Hecker*, 109 Cal. 451, 463-64

3

PDF created with pdfFactory trial version www.pdffactory.com

(1895), *People v. Sawyer*, 256 Cal. App. 2d 66, 75 n.2 (1967) and *People v. Gleghorn*, 193 Cal. App. 3d 196, 201 (1987), which all make clear that the sudden and perilous exception only arises when the initial aggressor committed only simple assault, and not deadly assault. In *Quach*, the defendant presented a version of the facts where the jury could find that Quach committed only simple assault before the rival gang-member pulled out his gun to fire it. This version of the facts would have justified a response by Quach under the sudden and perilous exception. Here, on the other hand, Petitioner was not guilty of simple assault. He pointed a gun at Mr. Cornellier and attempted to rob him. This deadly assault justified a response of deadly force from Mr. Fong and, even if sudden and perilous, Petitioner was not legally entitled to respond with force.[3] Accordingly, Petitioner was not entitled to a self-defense or imperfect self-defense jury instruction.

We also reject Petitioner's claim of cruel and unusual punishment for the reasons set forth by the California Appellate Court. (Lodged Doc. No. 6, at 8–12.)

### III. Conclusion

For these reasons, we conclude the state courts' denial of the Petition is not contrary to, and did not involve an unreasonable application of, clearly established Federal law and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, we **DENY** Petitioner's Petition for Writ of Habeas Corpus. Petitioner requests an evidentiary hearing in this case. Pursuant to 28 U.S.C. § 2254(e)(2), when presented with a request for an evidentiary hearing we must first determine whether a factual basis exists in the record to support Petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate." *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999); *see also Earp*

---

[3] Even if Petitioner only engaged in simple assault, which he did not, we question whether he would still have been entitled to an imperfect self-defense instruction because the evidence showed that he fired on Mr. Fong as Mr. Fong ran from his vehicle.

4

PDF created with pdfFactory trial version www.pdffactory.com

*v. Ornoski*, 431 F.3d 1158, 1166 (9th Cir. 2005). Petitioner must also "allege[ ] facts that, if proved, would entitle him to relief." *Schell v. Witek*, 218 F.3d 1017, 1028 (9th Cir. 2000). Petitioner has not demonstrated that any additional facts need to be determined in order to resolve the claims raised in the instant petition. We have already determined that relief as to Petitioner's claims must be denied on the merits because the state courts' decisions were not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. Accordingly, an evidentiary hearing is not warranted on Petitioner's claims, and Petitioner's request is hereby **DENIED**.

**IT IS SO ORDERED.**

DATED: April __, 2009

GEORGE H. KING
United States District Judge[1]

---

[1] United States District Judge for the Central District of California sitting by designation.

PDF created with pdfFactory trial version www.pdffactory.com